Good morning, Your Honors. I'd like to reserve two minutes for rebuttal. May it please the Court, my name is Elliot Wong, counsel for Appellant Dennis Walker. At issue in this case is whether Mr. Walker, an adherent of Odinism, alleged a cognizable claim under Arlupa and the First Amendment for having been denied the setting in which he performs a quintessential religious exercise, namely a solitary religious ritual in which he prays to his gods, and then subsequently for having been punished for refusing to yield to his religious beliefs. Religious ritual in question in this case is referred to as a spiritual circle of Odinist warding, which is a ritual in which he prays to his gods and communicates with his gods. According to his sincerely held religious beliefs, he draws and activates this circle within his cell, and he believes that this circle may be opened or breached by what he believes is spiritual pollution that emanates from individuals of another race. Accordingly, he requested to be precluded from selling with inmates of another race and from integrated selling assignments. May I ask a question of clarification? I recognize this is simply at this stage primarily his complaint that we're looking at. Is the bottom line is that it's his view he must be sold? He may not be sold with someone from a nonwhite race? Or could it be that his religious ceremony and participation also occur outside of his cell? He's consistently alleged in the filings in this case that he performs this ritual in his cell, and it is true that the filings do not speak to whether he can perform this ritual outside the cell. However, it's readily and plausibly inferable that he, in fact, performs his ritual at prescribed times when he is required to be in a cell. It's hard to, I mean, I tried to read the complaint. There's not too much in there about ritual itself, you know, religious ritual. It just, you know, he doesn't want to be sold with a nonwhite. Is that, you think the complaint is sufficiently clear that he's complaining about a religious practice? In other words, is this right? Is it a religious practice that he's complaining about? Is that it, or is there more to it? There's more to it. So it's the complaint plus his subsequent filings that he submitted in the opposition. No, I mean as to what his complaint is. Is he complaining about not being able to perform this ritual? The complaint doesn't itself speak of the ritual explicitly. I didn't think so. So he's pursuing something that's not alleged in the complaint, isn't he? No, he did describe in general terms what's happening in the complaint and then provided the details subsequently in his various opposition papers. Well, if he's complaining about this ritual, would it be sufficient to say if he performed his ritual somewhere else? Does he have to do it in the cell? He, according to his sincerely held religious beliefs, and this is not in the filings, is it's his belief that he performs this ritual at prescribed times during the day when he is required to be in a cell. So although he is not, it is not a tenant of his religious belief that he must perform this ritual in his cell just by the realities of penal life. Well, when you say prescribed times, where are the times prescribed? Morning and evening. No, no, where? Like, you know, in some kind of religious book or what? Where is it prescribed? There's nothing in here about where it's prescribed, is there? Here meaning the complaint? That's correct, Your Honor. It's not prescribed by a particular document insofar as a record. Well, did he just make it up, his prescribed times? No, Your Honor. And besides, the question of whether he may have made this up or not is somewhat — it's a consideration that, considering the procedural history of this case and the fact that it's a motion to dismiss, his sincerely held religious belief that he does believe this is something that — Well, I know it's a pro se complaint, so we should read it liberally. But there has to be some basis for saying — for instance, you said, well, this ritual has to be performed at prescribed times. Where is it prescribed? There's nothing to tell us where it's prescribed, right? That's correct, Your Honor. If that is a concern, it's one that's easily remedied by leave to amend. And in this case — But what about that? I mean, the difficulty is he did come back in response to the magistrate's report and recommendation with a few more details, but the judge denied him leave to amend. So if he were to amend, what would his amendment be such that it would not be a futile amendment? He would be able to amend to allege the particular details and the fact that he does perform this ritual at a specific time of day in which he is required to be in his cell. And that would be the — that would be a level of detail that he could provide easily just simply by amendment. But I gather from your answers to the questions that he is not willing to amend his complaint to say that he can perform the ritual outside his cell and be housed with a non-white inmate, true? I believe that would be correct insofar as if he would be able to still perform this ritual at a — at the time that his sincerely held religious beliefs would require. Right. I mean, so the bottom line of all of the proposed amendments that you're positing today is that he needs to be celled with someone who is white. Is that true? Yes, that's correct. So how do you square that, then, with our case law that says it's — you can't do that, that we are not going to segregate our prisons? Well, Your Honor, it's the fact that the California prison system already does segregate its inmates. There's a policy in place in California's prisons that's referred to as the integrated housing policy under which the prison would give each inmate an individual determination and code them in such a way that they could be precluded from integrated selling assignments. And so, in effect, what Mr. Walker is asking for is just a reclassification that's regularly given on non-religious grounds just as a religious exemption. And to that — to that effect, there are two different ways that his religious beliefs have been substantially burdened here. The first is basically the deprivation of the setting in which he performs his alien spiritual pollution. And as Justice O'Connor noted in Employment Division v. Smith, a case that involved criminal prohibition on peyote use, the deprivation of peyote was a burden on the religious exercise of this Native American church in that case because the deprivation essentially meant that he would be unable to perform the peyote ritual. How does that square, though, with the Johnson v. California decision, which specifically related to racial selling policies and was long after the opinion that Justice O'Connor wrote? Sure. So the Johnson v. California case, that involved just a flat-out mandatory racial segregation for everyone who became — who came into the California prison system. And since Johnson v. California, the policy in question, namely the integrated housing policy, was crafted as a result of the Johnson case. And unless there are no further questions, I'd like to reserve the remainder of my time. Thank you, counsel. Good morning. Jose Zaldan Zepeda, Attorney General's Office for Defendants. May it please the Court, this case is simply about racial preferences, specifically as state prisoners avowed preference to be sold only with other white inmates. Plaintiff's complaint stated that he wanted to be sold solely with inmates of his own race because miscegenation offended his spirituality and because his religion prohibited polluting his culture. He pointed to no religious practice, nor did he show that the integrated housing policy placed a substantial burden on any such practice. And does the district court correctly dismiss this case? As a couple of the judges have already pointed out, the allegations that Mr. Walker had a particular religious practice were not in the complaint. Even if this Court were to take the allegations that the plaintiff submitted in his objections to the magistrate judge's findings and recommendations, they would not suffice to show a substantial burden either under the First Amendment or under the Religious Land Use and Institutionalized Persons Act. First, there's nothing that says that this particular religious practice can only be engaged in at a particular time or at a particular place. The closest that he gets is that he says that having a cellmate of a different race somehow interferes with his ability to do this, but there's nothing that says that he can't do it when his cellmate is outside the cell or somewhere out in the yard or even requests some sort of special chapel access during particular times when he needs to perform this alleged religious practice. Well, is that really his burden at this point? If he makes an allegation of a religion and claims that he, as he did in the response to the findings and recommendations, that he needs to do this several times a day and he can't do that because those are the times he has to be in a cell in which he would have a nonwhite cellmate, is that not enough to then shift to the State or to put him to the test in a summary judgment? Well, Your Honor, assuming, first of all, I don't understand the plaintiff's allegations either through the various pleadings or in the opening brief to be that he has to perform this particular practice several times a day or that he can only do it at particular periods of time. If you were to allege that, then the district court would have to go into the next step or this court could go ahead and go into the next step and assess whether the integrated housing policy is a substantial burden. I guess that gets to should he be allowed to amend to see if there is anything else before the district court takes final decision. Well, I submit to this Court that Mr. Walker has had a chance to amend, albeit not in a very, the usual form under the Federal Rules of Civil Procedure, because he has basically added to his factual allegations after the complaint he had an opposition to the motion to dismiss. He filed a surreply to the defendant's motion to dismiss. He then filed objections to the magistrate judge's findings and recommendations. And if this Court even were to look at the factual allegations that he added, even charitably, they do not show that there is a religious practice that was in his informal opening brief in this Court. He submitted further information, specifically a couple of documents that talk about, appear to talk about this holy circle that he needs to engage in that was filed on February 6, 2013 in this Court. And there is nothing that says that. Mr. Zeldin, assume with me for a minute that, say, he is either alleged or we can imply from his, all of his pleadings that there is a religious practice or a religious ceremony that's involved. Namely the circle, you know, it's got to be pure and so forth. That being the case, post-Johnson, what did the State have to show to deny him the right to practice that ritual in the prison setting? Your Honor, if the plaintiff were to meet his pleading standard to show that there is a religious practice and a substantial burden, then under the, under RLUIPA and the First Amendment, the burden would fall on the State to show that there is a legitimate penological interest and that there was, they could meet the substantial burden test. After Johnson, I'd submit to the Court, and this hasn't gotten to this point at the time the District Court did mention this, that I would submit to the Court that the fact that racial integration is required or that there's strict scrutiny for racial classifications in prison under Johnson v. California, that that would be a legitimate penological interest that the State would have for the integrated housing policy. That is what plaintiff is essentially challenging in this case. So the District Court would have to go ahead and address that and see whether that meets the narrowly tailored test as well. And you'd be looking then also at a least restrictive alternative for possibly implementing his religion? That is correct, Your Honor. Although the Supreme Court back in Qatar, B. Wilkinson, as well as in Holt v. Hobbs recently alluded to the fact that certain types of religious practices, that a prisoner's request for religious accommodation must be sincerely based on a religious belief and not some other motivation. And that's Holt v. Hobbs. And in Qatar v. Wilkinson, the Supreme Court actually, which is a RLUIPA case, the Supreme Court noted that the Court should recognize the government's countervailing compelling interest in not facilitating inflammatory racist activity. And in that situation, it was addressing the situation of an Aryan inmate challenging confiscation of white supremacist literature. So there definitely is precedent under that and also under other courts, and this Court, which have addressed selling preferences by inmates, not necessarily in the same context as Mr. Walker. But, for example, in Hamilton v. Hernandez, this Court, in an unpublished disposition, said that a RLUIPA does not allow an inmate the ability to choose someone of his own religion. And I submit that the same applies for an inmate who wants someone of his own race. There's also a... May I just ask you, then, really to get to that point, though. Wouldn't that entail an amendment by him to say, I need to do this twice a day and I can't have someone invade my circle? And then the State would come back and say, Johnson, compelling interest on our part. There may or may not be alternatives, given the way prison security systems are required. So I'm just wondering if we're at an odd posture, given a pro se plaintiff where he needs to make that amendment so that you could make the argument you just made to us. Arguably, Your Honor. But I think that there's enough of the plaintiff's allegations that are fleshed out through his various pleadings, where if this Court wanted to go ahead and address those and analyze whether those additional allegations, if they supplement the complaint, whether those would meet the plaintiff's burden to show that there is a religious practice that was substantially burdened by the integrated housing policy. I just wanted to just go ahead and point out that, just going back to the case law, the 11th Circuit has addressed a similar situation where an odinous inmate wanted a particular crystal and it said that unless the plaintiff can show that the policy at issue imposed more than an inconvenience to his practice of religion, that that was not sufficient under RLUIPA, as well as Hamilton v. Hernandez by this Court that said that an inmate is not allowed to just choose his own cellmate. There's also case law in the First Amendment context, a decision out of the 7th Circuit from Judge Posner that talked about how inmates do not have such a right under the First Amendment. The Court's question is in focus on the RLUIPA issue, but I'd submit to the Court that the First Amendment fails for the same reason as the RLUIPA claim fails. Unless there's any further questions, I'll submit. Thank you, counsel. Thank you. We'll hear rebuttal. Mr. O'Connor. Just briefly, a couple points. First is the distribution of burdens here. The government must show, in order to defeat an RLUIPA claim, that it employed the least restrictive means to achieve a compelling government interest. And given the procedural posture of this case, it can't establish that on the record that's before this Court, mainly because this is he's asking for an exemption that the prison system normally already does in a regular practice. Namely, they habitually do, in fact, restrict inmates from integrated celling assignments. So basically, he's asking for something that the prison normally does. And just based on that alone, the government hasn't been able to show that including this class of religious exemption would cause the government a burden that way. And then just briefly to touch on Judge Deshima's point earlier, it doesn't really matter where his sincerely held religious belief came from. As this Court noted in United States v. Zimmerman, this question is a very intensely personal one, and one that can evolve with a person's individual and particular religious beliefs. So on that, the denial of leave to amend, Mr. Walker can, in fact, combine any sort of pleadings or allegations that are in the filing currently to surmount any sort of pleading difficulties that we've run into so far. So with that, the appellant respectfully requests that this Court reverse the district court and reinstate his claim. Thank you. Thank you, counsel. And thank you for your pro bono representation. The Court very much appreciates it. Case just heard will be submitted for argument.
judges: Thomas, Tashima, McKeown